## WILLIAM N. PATTERSON *v.* JOHN PATTERSON.

A promissory note, given by the husband directly to the wife for property received of her by him after the marriage, but which was not held to her sole and separate use, is not binding upon him.

THIS was an action of assumpsit, and was committed to a referee, whose report, in substance, is as follows:

"I find due to the plaintiff, for board of his mother, Polly Patterson, the wife of the defendant, for the fifteen months before the date of the writ, including all clothing furnished her, and all washing, and nursing, the sum of $60.00. Plaintiff presents two notes, both dated March 1, 1856, and both together amounting at date, to $1535.96, purporting to be signed by defendant and made payable to said Polly Patterson, wife

of said John Patterson, or order, on demand, with interest annually. They were both endorsed upon the back "Polly Patterson," and also, "Pay to the order of William N. Patterson, T. Merryfield."

These notes have never been in fact transferred or sold by Mrs. Patterson, but they remain her property as they did before the endorsement, and they are now sued, and the amount is sought to be recovered in this suit, for her sole benefit. It appeared that Mrs. Patterson had been married before she married the defendant, and had property of her own, for which, after her marriage to defendant, he gave her his notes. These notes were first given in 1844. In 1850, defendant went to California, and before doing so he gave the plaintiff a power of attorney, making him his general agent to transact his business in his absence, but giving him no specific authority to sign or renew notes. Plaintiff also testified that his father told him before leaving, that he wanted he should keep these notes to Mrs. Patterson, renewed, as he meant to pay them if he lived to return, and if he did not live, he did not want his wife injured ; that, in pursuance of these directions, the plaintiff, in 1850, renewed the two notes to his mother, signing his father's name to them, they being each for the amount of the former notes, with interest added.

Defendant remained in California only some two or three years, when he returned and resumed his business as before he left. In 1856, the plaintiff again renewed these notes, and gave these notes now in suit, for the amount of the former notes and interest, and signed the defendant's name to them. Plaintiff testifies that he did this under and by virtue of the direction which his father gave him before leaving for California, and under and by virtue of the power of attorney ; that defendant, after his return from California, never gave him any orders or directions about renewing these notes, and that the defendant, though about home and living with his wife at the time and attending to his business, did not know when the plaintiff renewed those notes, giving the present notes, but that he was informed of it sometime during the summer after it was done. It did not appear that plaintiff had ever signed any other notes for his father when authorized to do so, but those to his mother and some to his sisters, which he had renewed in the same way, under similar instructions from his father, given before going to California, which notes to the sisters have never been paid.

Upon these facts, I ruled that these notes were not recoverable in this suit, to which ruling the plaintiff excepted. The other items in the plaintiff's specification were withdrawn.

I, therefore, award that the plaintiff have and recover of the defendant the sum of sixty dollars, damages, with interest thereon, from the date of the writ, with costs of reference taxed at $———, and costs of court, to be taxed by the court. If, upon the above facts, the plaintiff is entitled to recover said notes, then there is to be added to the above amount of damages, said sum of $1535.96, with annual interest thereon from March 1, 1856, and if the above facts are not conclusive upon the question of the recovery of these notes, then such further facts as may be necessary to settle that question, may be found in such way as the parties may agree or the court may order."

*Bryant*, for plaintiff.

*Felton*, for defendant.

BELLOWS, J.    It appears from the report, that, at the time of her marriage to defendant, Mrs. Patterson had some property, for which, after the marriage, the husband gave his notes, payable to her, or her order, on demand ; but it does not appear that she held this property to her sole and separate use.

The notes were given in 1844, and were twice renewed, once in 1850, and again in 1856, and both times by the plaintiff, the son of the defendant, claiming to act as his father's agent, under a power of attorney, given in 1850, as the father was about going to California, and making his son his general agent to transact his business in his absence, accompanied by a verbal direction to the son to keep these notes renewed.

The defendant returned in two or three years, and resumed his business as before he left, and was at home attending to his business, when the notes were renewed the second time, and without his knowledge, or any other authority than what is stated above.   The notes, payable as before to Mrs. Patterson, were afterwards endorsed by her, and this suit brought for her benefit.   Under these circumstances, we think, no recovery can be had upon these notes.   In the first place, we think the authority of the agent expired by its own limitation, on the return of the defendant from California ; and that the verbal directions accompanying the power of attorney are to be considered, not as a separate and distinct authority, but merely as empowering the execution of the authority given by that instrument.   The agent's authority, then, having expired, and with the knowledge of the plaintiff, the notes so made are not binding upon the defendant.

We are, also, of the opinion that the original note of the husband to the wife must be regarded as invalid.   At common law it is clearly so, the husband and wife being regarded in law as one person, and incapable of contracting with each other without the intervention of trustees. 2 Kent Com. 129 ; Chancey on Husband & Wife, 1 ; *Burleigh* v. *Coffin*, 22 N. H. 124.   In the latter case it was held that debts due from the husband to the wife before marriage were cancelled by the marriage.

Nor do we perceive that the case is brought within any of the provisions of our statutes which give a married woman power to contract as sole.   It does not appear that the property for which the original note was given was held by the wife to her sole and separate use ; or that the case comes within any of the provisions which authorize her to act as if sole.   Besides, the property was received by the husband, and the note given in 1844, before the passage of the law of 1846 on which the plaintiff relies.

Even if it were otherwise, we are not prepared to hold that the husband might make such a contract directly with his wife.   As the question, however, does not arise, we give no opinion upon it.

With these views, therefore, no recovery can be had upon the notes, and there must be

*Judgment on the Report.*